UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAITER.COM, INC., | CIVIL ACTION NO. |
| Plaintiff, | |
| vs. | SECTION: |
| WAITR, INC. | |
| Defendant. | MAGISTRATE: |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Waiter.Com, Inc., herein files this Complaint for Injunctive Relief and Damages against Defendant, Waitr, Inc., and alleges:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for trademark infringement, dilution, unfair competition, and unjust enrichment under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of Louisiana.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. The matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this litigation is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is appropriate in the Western District of Louisiana pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District and offers its infringing services in this District.

## PARTIES

5. Plaintiff, WAITER.COM, INC. ("Waiter.com"), is a California corporation with its principal place of business at 442 Oakmead Parkway, Sunnyvale, CA 94085.

6. Defendant, WAITR, INC. ("Waitr"), is a Louisiana corporation with its principal place of business at 4310 Ryan St, Lake Charles, LA 70605.

## WAITER.COM AND ITS MARK

7. Waiter.com was founded in 1995 by recent college graduates who conceived of a simple, efficient and time-saving method for placing online orders for restaurant takeout and delivery emanating from a single identifiable source known as WAITER.COM® (the "Mark").

8. Plaintiff has been using the WAITER.COM® Mark in commerce for over 18 years and during that time has consistently offered its online restaurant ordering and delivery services to consumers throughout the United States.

9. Waiter.com has expended substantial amounts of time, effort and money to market, promote, advertise and sell the services offered under the WAITER.COM® Mark.

10. Demand for Waiter.com's services has increased considerably since the WAITER.COM® Mark was first used in commerce, and Waiter.com has expanded its business to new market areas.

11. Additionally, Waiter.com has enjoyed unsolicited publicity in national publications such as USA TODAY, The New York Times, The San Francisco Chronicle, Nation's Restaurant News, Takeout Business Magazine, The Web Magazine, and QSR Magazine.

12. As a result of Waiter.com's extensive use and promotion of its services, and its competitive success utilizing the WAITER.COM® Mark, the WAITER.COM® Mark has become distinctive to designate Waiter.com's services to consumers.

13. Waiter.com submitted the WAITER.COM® Mark for registration with the United States Patent and Trademark Office on September 14, 1999, and the Mark was registered on the Principal Register of the United States Patent and Trademark Office on August 1, 2000 (Reg. No. 2,372,884).

14. The WAITER.COM® Mark is valid and existing and has become incontestable.

15. By virtue of the wide renown acquired by the WAITER.COM® Mark and the commercial success of the Mark, the WAITER.COM® Mark also has acquired secondary meaning in the mind of the purchasing public, has become famous, and has attained enormous goodwill throughout the United States.

16. Accordingly, by virtue of the extensive and continuous use of the WAITER.COM® Mark in interstate commerce, the Mark has become, and continues to be, famous and distinctive.

**DEFENDANTS' UNAUTHORIZED USE OF THE WAITER.COM® MARK**

17. On or about August 21, 2015, Waiter.com discovered that, in violation of its trademark and other rights, Defendant was offering restaurant order delivery services under a service mark, WAITR, that is substantially identical and confusingly similar to the WAITER.COM® Mark ("Infringing Services"), in interstate and intrastate commerce, including commerce in Louisiana and this District.

18. Defendant advertises and promotes its Infringing Services by, among other things, publishing material on its own website, www.waitrapp.com, on social media sites such as Twitter and Facebook, via mobile application, and via printed paper flyers.

19. Defendant is not authorized by Waiter.com to use the WAITER.COM® Mark in connection with its business or otherwise, and Defendant does not own a license for use of the WAITER.COM® Mark.

20. Defendant is offering its Infringing Services, which are identical to the types of services sold by Waiter.com, using a virtually identical service mark as that owned and federally registered by Waiter.com.

21. Consumers are likely being misled into believing that the Infringing Services bearing the Waitr Mark are sponsored by, affiliated with, or otherwise connected to the services offered by Waiter.com under the WAITER.COM® Mark, when they are not.

22. Defendant is the owner of a registered trademark for Waitr, Registration No. 4,881,286, issued on January 5, 2016. Waitr was allegedly used for the first time in commerce on July 31, 2014.

23. On September 8, 2015, counsel for Waiter.com sent Defendant a cease and desist letter detailing Waiter.com's rights and demanding that Defendant stop using the Mark in connection with the Infringing Services. Defendant has refused to comply with Waiter.com's demands. A copy of the letter is attached as **Exhibit A**.

24. Despite receiving actual notice of Waiter.com's rights with respect to the WAITER.COM® Mark, Defendant continues to advertise and promote the Infringing Services to consumers on the same channels of trade as those used by Waiter.com, and it continues to infringe Waiter.com's rights in the WAITER.COM® Mark.

25. Defendant has engaged in a deliberate course of conduct to deceive consumers into believing that their Infringing Services are connected or affiliated with Waiter.com, and they continue to trade on Waiter.com's enormous goodwill and to injure Waiter.com.

26. It is undisputed that the WAITER.COM® Mark is valid and subsisting. It is undisputed that Waiter.com has priority of right over Defendant. And, it is undisputed that the difference between Waiter.com's WAITER.COM® Mark and Defendant's WAITR mark consists only of one letter, and as such, is immaterial, making Defendants WAITR mark virtually identical in appearance, sound, meaning, and commercial impression to Waiter.com's WAITER.COM® Mark.

27. Given Defendant's use of a virtually identical mark on identical types of services that will be marketed to the same (or potentially the same) consumers through the same channels of trade at the same or similar price points, there can be no question that consumers are likely to be confused or deceived into believing that Defendant's goods emanate from or are otherwise associated with Waiter.com when in fact they are not. The resulting confusion and dilution will irreparably harm Waiter.com's acquired goodwill and reputation in the marketplace and will otherwise damage Waiter.com's business interests.

28. Waiter.com has engaged Roetzel & Andress, LPA and Breazeale, Sachse & Wilson, L.L.P. to prosecute this action and is obligated to pay both firms a reasonable fee for their services.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting and Infringement Under 15 U.S.C. §§1114 and 1116)**

29. Waiter.com incorporates the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. By its unauthorized use of a mark that is substantially indistinguishable from Waiter.com's registered WAITER.COM® Mark, Defendant is trading on Waiter.com's registered Mark and misappropriating the goodwill and reputation which has attached to that Mark.

31. Defendant's unauthorized use of Waiter.com's WAITER.COM® Mark has confused, and will likely continue to confuse customers into erroneously believing that Defendant and its Infringing Services are associated with and/or authorized by Waiter.com when they are not.

32. The acts and conduct of Defendant complained of herein constitute willful and deliberate infringement of Waiter.com's WAITER.COM® Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1116.

33. By reason of all the foregoing, Waiter.com is being irreparably damaged by Defendant's willful, unauthorized use of the Mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using Waiter.com's registered Mark or any colorable imitation thereof.

34. Waiter.com is entitled to injunctive relief under 15 U.S.C. §1116 (a) as there is no adequate remedy at law to fully redress Defendant's illegal conduct.

35. In addition to injunctive relief, Waiter.com is entitled to all damages it has sustained in an amount to be determined at trial including but not limited three times Defendant's profits and gains as a result of its unfair competition described above, attorney's fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a))**

36. Waiter.com repeats and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

37. Waiter.com owns all right, title and interest in and to the WAITER.COM® Mark and holds the exclusive rights to market and sell online restaurant takeout and order delivery services bearing the WAITER.COM® Mark.

38. The WAITER.COM® Mark has also achieved secondary meaning, associating it in the minds of the purchasing public with Waiter.com and its services.

39. Defendant's conduct as alleged herein, including its use of the WAITR mark for the Infringing Services, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive consumers as to the origin, sponsorship, affiliation, connection and/or association of Waiter.com or the WAITER.COM® Mark, with Defendant and its Infringing Services.

40. The Infringing Services are calculated and intended to deceive and are likely to deceive consumers into believing that they are purchasing Waiter.com's services. The Infringing Services, which bear an exact imitation of Waiter.com's federally registered Mark save for one letter, do not originate from or have the approval or authorization of Waiter.com.

41. The foregoing acts of Defendant constitutes unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42. Waiter.com has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

43. Upon information and belief, Defendant's infringement is willful and deliberate, and Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

### THIRD CLAIM FOR RELIEF
### (Dilution)

44. Waiter.com repeats and re-alleges the allegations in paragraphs 1 through 28 above as if fully set forth herein.

45. Waiter.com's WAITER.COM® Mark is a famous mark within the meaning of 15

U.S.C. §1125(c)(1) and was a famous mark prior to Defendant's conduct complained of herein.

46. Waiter.com's WAITER.COM® Mark is famous by virtue of the substantial inherent and acquired distinctiveness thereto, and Waiter.com's extensive use, advertising and publicity of the Mark that has resulted in strong and widespread recognition of the Mark.

47. Defendant's use of the WAITR mark on and in connection with the marketing and sale of the Infringing Services dilutes the strength and distinctive quality of Waiter.com's famous WAITER.COM® Mark and lessens the capacity of that trademark to identify and distinguish Waiter.com's services

48. The acts and conduct complained of herein constitute willful and deliberate dilution of Waiter.com's WAITER.COM® Mark.

49. The foregoing acts of Defendant constitute a violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

50. Waiter.com has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

51. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

### FOURTH CLAIM FOR RELIEF
(Violation of Louisiana's Unfair Trade Practices and Consumer Protection Law, La. R. S. 51:1401, *et seq.*))

52. Waiter.com repeats and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

53. Waiter.com has expended substantial time, resources and effort to develop and obtain an excellent reputation and goodwill for itself, its merchandise and the WAITER.COM®

Mark.

54. Defendant has knowingly and willfully adopted a mark that is substantially similar to Waiter.com's WAITER.COM® Mark in an effort to falsely create the impression that the Infringing Services are sanctioned by Waiter.com and in order to take for itself all of the goodwill associated with the WAITER.COM® Mark and Waiter.com. Defendant's unlawful acts in appropriating rights in Waiter.com's Mark were intended to capitalize on Waiter.com's goodwill for Defendant's own pecuniary gain.

55. The Infringing Services being sold by Defendant are calculated to and are likely to create confusion and to deceive and mislead consumers into believing that such services originated with or is authorized by Waiter.com, and has caused and is likely to cause confusion as to the source of Defendant's Infringing Services, all to the detriment of Waiter.com.

56. Defendant's acts as alleged above constitute an unfair method of competition and/or unfair or deceptive acts or practices under Louisiana's Unfair Trade Practices and Consumer Protection Law, La. R. S. 51:1401, *et seq.*, and will, unless enjoined by this Court, result in the destruction and/or diversion of Waiter.com's goodwill in its Mark, and the unjust enrichment of Defendant.

57. Upon information and belief, Defendant committed the acts alleged herein intentionally, deliberately, fraudulently, maliciously, willfully, wantonly and oppressively with the intent confuse the public, to capitalize on the good will built by Waiter.com in its Mark, and to injure Waiter.com.

58. Waiter.com has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant in an amount not yet determined or ascertainable.

59. Upon information and belief, Defendant has obtained gains, profits and advantages as a result of its wrongful acts in an amount not yet determined or ascertainable.

## FIFTH CLAIM FOR RELIEF
### (Canceling Defendant's Registration for WAITR Mark, 15 U.S.C.A. § 1119)

60. Waiter.com repeats and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

61. Defendant's WAITR mark, Registration No. 4,881,286, is confusing similar to Waiter.com's registered trademark. Defendant's continued use of its mark has confused, and will likely continue to confuse, customers into erroneously believing that Defendant and its Infringing Services are associated with and/or authorized by Waiter.com when they are not.

62. Pursuant to 15 U.S.C. § 1119, this Court has the authority to order the cancellation of the WAITR mark.

63. Waiter.com herein specifically prays for cancellation of the WAITR mark pursuant to 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Waiter.com demands judgment against Defendant as follows:

64. Ordering that Defendant and its parents, subsidiaries, affiliated companies, officers, agents, directors, employees, shareholders and attorneys and all those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, be permanently restrained and enjoined from:

    a. Further infringing Waiter.com's WAITER.COM® Mark, and from selling, marketing, offering for sale, advertising, or promoting any services bearing any simulation, reproduction, copy or colorable imitation of Waiter.com's WAITER.COM® Mark, including without limitation, WAITR;

b. Using any simulation, reproduction, copy or colorable imitation of Waiter.com's WAITER.COM® Mark, including without limitation, WAITR, in connection with the promotion, advertisement, sale, or offering for sale of online restaurant takeout and order delivery services;

c. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold or offered for sale by Defendant are in any manner associated or connected with Waiter.com, or are sold, licensed, sponsored, approved or authorized by Waiter.com;

d. Using any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Waiter.com or its WAITER.COM® Mark, by using Waiter.com's registered Mark or any colorable imitation of Waiter.com's registered Mark, including without limitation, WAITR, without the authorization of Waiter.com;

e. Engaging in any other activity constituting unfair competition with Waiter.com, or constituting an infringement of Waiter.com's WAITER.COM® Mark, or of Waiter.com's rights in, or to use or to exploit the WAITER.COM® Mark.

f. Diluting the Mark owned by Waiter.com.

65. Directing that Defendants deliver for destruction all goods, products, signs, labels, brochures, advertising, promotional material, prints, packages, dyes, wrappers, receptacles and advertisements in its possession or under its control bearing Waiter.com's Mark, or any simulation, reproduction, copy or colorable imitation thereof, including without limitation, WAITR.

66. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Infringing Services sold and promoted by Defendant are authorized by Waiter.com or related in any way to Waiter.com's services.

67. Canceling Defendant's registration for Waitr pursuant to 15 U.S.C.A. § 1119.

68. Directing that an accounting and judgment be rendered against Defendant for:

   a. All profits received by Defendant from the sale of the Infringing Services;

   b. All profits received by Defendant and all damages sustained by Waiter.com on account of Defendant's trademark infringement and unfair competition.

69. Awarding Waiter.com enhanced damages for willful infringement under 15 U.S.C. § 1117(a), treble damages for use on a counterfeit mark under 15 U.S.C. § 1117(b), or statutory damages under 15 U.S.C. § 1117(c).

70. Awarding Waiter.com its costs in this action together with reasonable attorneys' fees and expenses as provided for by 15 U.S.C. §1117.

71. Directing that the Court retain jurisdiction of this action for the purpose of enabling Waiter.com to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

72. Awarding to Waiter.com such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Waiter.com demands a trial by jury of all issues so triable.

Dated: July 14, 2016

        Respectfully submitted,

*[signature]*

Michael J. Furbush
Florida Bar No. 70009
mfurbush@ralaw.com
Roetzel & Andress
200 South Orange Avenue
SunTrust Center, Suite 1000
Orlando, FL 32801
Telephone: 407.896.2224
Facsimile: 407.835.3596

and

*[signature]*

Claude F. Reynaud, Jr. (#11197)
Scott N. Hensgens (#25091)
Danielle L. Borel (#35669)
BREAZEALE, SACHSE & WILSON, L.L.P.
301 Main Street, Suite 2300
One American Place
Baton Rouge, Louisiana 70801
Telephone: 225.387.4000
Facsimile: 225.381.8029
E-mail: snh@bswllp.com

*Attorneys for Plaintiff*